A. L. REED Co., Respondent, *v.* "ABE" WHITEMAN
(First Name Fictitious), Individually and as Treasurer
of the FANCY LEATHER GOODS WORKERS UNION,
LOCAL No. 5, et al., Appellants.

*Injunction — labor unions — terms of injunction restraining labor
union and members thereof from interfering with plaintiff's employees
and business.*

*Reed Co.* v. *Whiteman*, 206 App. Div. 672, modified.

(Submitted January 16, 1924; decided April 8, 1924.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered April 17, 1923, unanimously affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term which adjudged and decreed that the Fancy Leather Goods Workers Union, Local No. 5, and all of its members, officers, agents and servants, and all of the defendants herein and all of their and each of their agents, servants, attorneys, confederates, and any and all persons acting in aid of or in conjunction with them or any of them, be and they hereby are perpetually and permanently enjoined and restrained from doing any acts injurious to the plaintiff or its business, and in violation of its rights under certain contracts of employment entered into between the plaintiff and its employees on and after August 29, 1921, and from interfering with the obligations of the said employees to the plaintiff thereunder, from parading, marching or congregating in the street near or in the vicinity of the premises of the plaintiff, to wit, at the southeast corner of One Hundred and

Twenty-first street and Jamaica avenue, Richmond Hill, New York city, where the factory of the plaintiff is located, from coercing, threatening, assaulting, intimidating and turning aside against their will, those who go or would go to and from the plaintiff's place of business, and those who are working or may work or who seek or may seek or would be willing to work for the plaintiff, from enticing plaintiff's workers from their employ, from following plaintiff's workers as they approach or leave plaintiff's premises, from visiting the homes of plaintiff's workers with a view to persuading plaintiff's workers to leave their employment or to breach their contracts with the plaintiff, from persuading or attempting to persuade, against their will, any of the plaintiff's workers to leave plaintiff's employ or to join the Fancy Leather Goods Workers Union, Local No. 5, or to breach any contract of employment between such workers and the plaintiff, and from picketing plaintiff's factory within a radius of three blocks in all directions from plaintiff's factory, and from hampering, hindering or harassing in any other way the free dispatch of business by the plaintiff, and from using any and all ways, means and methods of doing any of the aforesaid forbidden acts, either directly or indirectly, or through their agents, officers or others.

*Joseph Force Crater* and *David Goldstein*, for appellants.
*Harry A. Gordon*, for respondent.

*Per Curiam.* We think the injunction granted in this case is too broad. It should be modified so as to enjoin the defendants as follows:

*First.* From persuading or inducing or enticing, or from attempting to persuade or induce or entice, any employee or employees of the plaintiff to leave its employment before the expiration of any contract of employment for a definite time existing between such employee or employees and the plaintiff.

*Second.* From parading or marching in crowds of more than two in number within one-half mile of the premises

of the plaintiff, to wit, the southeast corner of One Hundred and Twenty-first street and Jamaica avenue, Richmond Hill, New York city.

*Third.* From coercing, threatening, assaulting, intimidating and turning aside against their will those who go or would go to or from the plaintiff's place of business, and those who are working, or may work, or who seek or may seek or would be willing to work for the plaintiff; or endeavoring to persuade such employees or prospective employees against their will to leave or not to enter the employment of the plaintiff, or to join the Fancy Leather Goods Workers Union, No. 5.

*Fourth.* From authorizing, permitting or joining in picketing of plaintiff's premises by more than two individuals at one time, and from authorizing, permitting or joining in the use by such pickets of force, threats, coercion, intimidation, assault or persuasion used against the will of the person addressed, directed against the employees and customers or other persons having business relations with the plaintiff or who may intend or desire to become or to have such relations, or who consider becoming such employees or customers or having such business relations.

As so modified the judgment should be affirmed, without costs to either party.

HISCOCK, Ch. J., McLAUGHLIN, CRANE and ANDREWS, JJ., concur; CARDOZO, POUND and LEHMAN, JJ., dissent from so much of the decision as restrains the interference with contracts for a definite term on the ground that there does not appear to be any contract for so substantial term as to result, if broken, in irreparable damage.

Judgment accordingly.